UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EFRAIN DELGADO, individually and
on behalf of all others similarly situated,

  CASE NO.:

 Plaintiff,

v.

DEJONG CONSTRUCTION LLC;  COLLECTIVE ACTION
               REPRESENTATION

 Defendant.

### COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FLSA

Plaintiff, Efrain Delgado, individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, sues the above captioned Defendant, Dejong Construction LLC ("Dejong"), for violations of the Fair Labor Standards Act, alleging Defendants stole 30 minutes of wages per day from its employees. This wage theft amounts to violations of the overtime and minimum wage provisions of the FLSA.

### INTRODUCTION

1. The FLSA ensures the compensation of covered employees for ALL hours worked.
2. Defendant did not compensate its employees for 30 minute meetings held daily at 6:30am. The loss of this 30 minutes caused Plaintiff to be undercompensated for 30 minutes each day, every day over the course of each pay period.

3. Additionally, employees were not paid the proper time and one half overtime premium pay for hours worked over 40 in a workweek. Instead, they were paid more than straight time, but still less than the required amount.

4. This is a collective action, on behalf of all non-exempt, hourly laborers who are or were employed by Defendant, to recover minimum wages, unpaid overtime, and similar such relief pursuant to the Fair Labor Standards Act (the "FLSA"). Accordingly, this Collective Action will represent non-exempt, hourly laborers including Plaintiff and any employees who consent to join this action during the Statue of Limitations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

6. This Court has personal jurisdiction over Defendants because they engaged in business within the State of Florida during the relevant time period of the events described in this complaint.

7. Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because Defendant owned and operated its business within the district during the relevant time period of the complaint.

## PARTIES

8. Plaintiff, Efrain Delgado, is an individual who resided in Miami-Dade County, Florida during all relevant times in this Complaint.

9. Defendant, Dejong Construction LLC, is a Florida Limited Liability Company that has its principal address on 603 Castle Drive in Palm Beach Gardens, FL 33410. Its Resident Agent for service in Florida is Joyce E. DeJong who is also located at 603 Castle Drive in Palm Beach Gardens, FL 33410.

10. During the times relevant to this Complaint, Defendant employed more than two employees and generated more than $500,000 in revenues for the years of 2010, 2011, 2012, and 2013.  Further, the Defendant engaged in interstate commerce as it is/was engaged in construction projects for the Fort Lauderdale Airport.

11. Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendant is subject to the Fair Labor Standards Act.

12. At all relevant times Defendant have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

13. Defendant employed Plaintiff and members of the class as an employee(s) within the meaning of FLSA § 203.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

14. The FLSA provides that, with certain exceptions, employers must pay employees minimum wages for all compensable hours worked and overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. §§ 206, 207(a)(1).

15. Defendant owns and operates a construction company that performs work at the Fort Lauderdale International Airport through a government contract.

16. Plaintiff began working for Defendants beginning in September of 2013. Due to the unlawful wage practices of Defendant, he left the job in November of 2013.
17. Plaintiff was employed as an ironworker making $22.15 per hour. His overtime rate would be $33.23 per hour.
18. Despite this rate, Plaintiff was paid at a rate of $30.15 per hour for overtime.
19. This overtime rate deficiency is consistent with other employees as well.
20. Beginning in April of 2013, employees were made to be at the jobsite at 6:30 am for morning meetings. These meetings would last 30 minutes.
21. Despite this, Defendant did not begin compensating employees for their work until 7am each morning.
22. This morning meeting time is compensable under the FLSA.
23. Each employee who attended their morning meeting is short 30 minutes of compensable time each day.
24. Plaintiff and members of the class are hourly employees eligible for overtime premium pay.
25. The 30 minute loss of pay resulted in the loss of both overtime and minimum wages.
26. The FLSA requires overtime premium pay of 1.5x an employee's regular rate for all hours worked over 40 in a workweek unless an exemption applies.
27. No exemption applies to the instant case as Plantiff and members of the class were already being paid overtime, albeit incorrectly.

28. Additionally, Plaintiff and members of the class were blue collar laborers. Blue collar laborers do not fall under any FLSA exemption as these are the kinds of workers the law was enacted to protect.

29. No exemption applies to time worked but not compensated.

30. Defendants have not inquired with the Department of Labor seeking to establish or affirm that its pay practices were in compliance with the FLSA.

31. Defendants have not inquired with private legal counsel seeking to affirm that its pay practices were in compliance with the FLSA.

32. Plaintiff and members of the Class are entitled to recover all overtime and minimum wages due which compensation was not paid, liquidated damages, and attorneys' fees and costs under the FLSA.

33. The above conduct as alleged is willful as to bring Defendant under the FLSA's three-year statute of limitations.

34. Plaintiff and members of the Class were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

35. Plaintiff and the members of the Class had their time unlawfully reduced resulting in the loss of minimum and/or overtime wages.

## CLASS ALLEGATIONS

36. Plaintiff brings this suit on behalf of a collective class of similarly situated persons, referred to as the Class. The Class can be divided into two subclasses composed of:

**Sub-Class A**

All employees who are/were employed by Defendant as hourly laborers in the past three years preceding this lawsuit, who were not fully compensated for all hours worked in a workweek due to nonpayment of morning meetings

at least one time, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

**Sub-Class B**

All employees who are/were employed by Defendant as hourly laborers in the past three years preceding this lawsuit, who were not compensated at a rate of 1.5x their regular rate of pay for hours worked over 40 in a workweek at least one time, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

37. Plaintiff alleges on behalf of the Class members who elect to opt-in to this action that they are entitled to unpaid overtime wages as required by 29 U.S.C. § 207 and minimum wages as required by 29 U.S.C. § 206, in violation of 29 U.S.C. § 216(b).

38. The exact number of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. Plaintiff believes there are a minimum of 50 potential members of the Class.

39. The class consists of those employed as hourly laborers for Defendant.

40. As a result of Defendant's violations of the FLSA, Plaintiff and members of the Class were illegally and grossly under-compensated for their work.

41. Although the FLSA provides for certain exemptions to the mandates of paying minimum wages and overtime compensation, no exemption applies in the instant matter.

42. Unless proven to be exempt from the protection of the FLSA, all employees are entitled to minimum wages for all compensable hours and premium overtime pay for work in excess of forty (40) hours per week.

43. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, Plaintiff and

members of the Class may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

44. Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the Class.

45. A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

46. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Class likely will not obtain redress of their injuries, and the Defendant will retain the proceeds of their violations of the FLSA.

47. Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and

parity among the claims of individual members of the Class, and provide for judicial consistency.

48. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

    a. Whether the Defendant employed members of the Class within the applicable meaning of the FLSA;
    b. Whether hourly laborers were compensated for all hours worked;
    c. Whether hourly laborers were compensated at their applicable overtime rate;
    d. Whether the Defendant failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class;
    e. Whether the allegations made against Defendant were willful; and
    f. Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of damages.

49. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

50. Pursuant to 29 U.S.C. § 216, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of the Class defined above.

51. Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

52. Plaintiff brings this action as a collective action pursuant Section 216(b) of the FLSA.

## COUNT 1
## OVERTIME DUE UNDER THE FLSA
## 29 U.S.C. § 207

53. Plaintiff re-alleges paragraphs 1-52 as if fully set forth in this Count.

54. At all relevant times, Defendant employed Plaintiff and each member of the Class within the meaning of the FLSA.

55. As stated herein, Defendant did not compensate Plaintiff and members of the Class for daily 30 minute meetings. This resulted in the nonpayment of overtime hours.

56. Additionally, Plaintiff and members of the Class were not compensated at the correct overtime rate of 1.5x their regular rate of pay.

57. Defendant had a policy and practice of non-payment and underpayment of overtime wages.

58. Defendant's failure to pay Plaintiff and all other members of the Class overtime compensation at a rate no less than 1.5 times their regular rate of pay for hours worked over forty (40) in a given workweek is a violation of the FLSA, in particular, 29, U.S.C. § 207.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60. Due to Defendant's FLSA violations, Plaintiff and the Class have suffered damages, and are entitled to recover from Defendant the unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
## MINIMUM WAGE VIOLATION UNDER THE FLSA

**29 U.S.C. § 206**

61. Plaintiff re-alleges paragraphs 1-52 as if fully set forth in this Count.

62. At all relevant times, Defendant employed Plaintiff and each member of the Class within the meaning of the FLSA.

63. As stated herein, Defendant did not compensate Plaintiff and members of the Class for daily 30 minute meetings. This resulted in the nonpayment of minimum wages worked below 40 in a workweek.

64. Defendant did not compensate Plaintiff and members of the Class for some hours below 40 in certain workweek. A wage of $0.00 for hours worked is obviously below minimum wage.

65. Defendant's failure to pay Plaintiff and the Class members at least the applicable minimum wage is a violation of the FLSA, specifically §206. Failure to pay the higher state minimum wage is no excuse to such a FLSA violation. *See* 29 U.S.C. § 218(a).

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67. Due to Defendant's FLSA violations, Plaintiff and the Class have suffered damages, and are entitled to recover from Defendant the unpaid minimum wages, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to §216(b), and that this notice be sent to all employees, past and present, of Defendant at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice.

b. An order appointing Plaintiff and his counsel to represent the Class.

c. A judgment finding that Defendant willfully and in bad faith violated the overtime compensation provisions of the FLSA.

d. That the Court award the Plaintiff, the Class, and all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours that they did not receive at least one and one-half time compensation for, in any given week during the past three years, all minimum wages they did not receive, AND liquidated damages of an equal amount of the owed overtime and minimum wage compensation; in addition to penalties and interest on said award pursuant to § 216 of the FLSA.

e. That the Court award Mr. Delgado a collective action representative incentive fee for his efforts and time dedicated to bringing justice through this action and the extra efforts they put in for leading this litigation;

f.  That the Court grant a judgment requiring Defendant to pay to Plaintiff all damages he is entitled to under law, including but not limited to, any back wages and back benefits found to be due and owing at the time of trial, front pay, along with compensatory damages in an amount to be proved at trial, and prejudgment interest thereon for her retaliatory discharge;

g.  An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA; AND

h.  That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 10th day of June, 2014 and respectfully submitted by:

> *s/ R. Edward Rosenberg*
> R. Edward Rosenberg, Esquire
> FL Bar Number: 0088231
> FELDMAN MORGADO PA
> 100 North Biscayne Boulevard,
> 29th Floor, Suite 2902
> Miami, Florida 33132
> 305-222-7850 Telephone
> 305-384-4676 Facsimile
> E:erosenberg@fmlawgroup.us
>
> Attorney for the Plaintiffs